**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JO ANN CARRANZA, | ) | CASE NO. ED CV 12-01674 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Administrative Law Judge found that Plaintiff Jo Ann Carranza had both physical and mental impairments that were severe, but that she was not disabled. Plaintiff challenges the determination on three grounds, none of which persuades the Court.

First, Plaintiff asserts that the Administrative Record is incomplete as to the medical expert's testimony, because there are a number of places where the word "inaudible" appears in place of significant testimony. In response to this argument, Defendant submitted a supplemental transcript, with almost all the "inaudible" words replaced by text. Nevertheless, Plaintiff notified the Court thereafter that she would not file a reply, but would rest on its previously-filed memorandum. The Court concludes, therefore, that any issue concerning the transcript has been resolved, and that the replacement of "inaudible" with text has not disclosed any errors that Plaintiff previously might not have seen.

Second, Plaintiff asserts that the Administrative Law Judge failed to properly consider Plaintiff's subjective complaints and testimony and to properly assess her credibility. Unless an Administrative Law Judge determines that a claimant is malingering, the Administrative Law Judge must give clear and convincing reasons for disbelieving a claimant's testimony as to her subjective symptoms, such as pain or fatigue. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge here complied with this standard.

To begin with, the Administrative Law Judge took Plaintiff's testimony into account when identifying Plaintiff's residual capacity to function. Time after time, he rejected opinions of medical examiners that would have found Plaintiff to have little or no impairment, or that the impairments created little or no impact on her ability to function. [AR 20-21] He thus imposed greater restrictions on her ability to function than many of the medical professionals suggested, as a means of taking into account some of Plaintiff's symptoms. Plaintiff asserts that the Administrative Law Judge wrongly relied on the medical evidence to discredit Plaintiff's testimony, but that is not correct. An administrative law judge is entitled to rely on objective evidence when considering subjective symptoms, so long as that is not the *only* evidence he relies on. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

In addition, the Administrative Law Judge explicitly took Plaintiff's subjective symptoms (as well as her objective ones) into account. For example, he wrote:

> The claimant has significant symptoms from right shoulder impingement and arthritis of the hand and consideration is given to these in the light limitations adopted herein. The claimant also has significant symptoms from a mood disorder, not otherwise specified; panic disorder; and alcohol abuse, in partial remission. Consideration is given to these symptoms in the

mental limitations adopted herein. Despite the claimant's allegations of her disabling functional limitations, the evidence portrays the claimant has a history of non-compliance with treatment. The limitations herein take into consideration the claimant's subjective complaints, medications, treatment record, and the actual clinical and diagnostic findings.

[AR 23]

Furthermore, the Administrative Law Judge pointed to other valid reasons for not believing Plaintiff to be totally disabled. He noted that medication helped her [AR 17 – Xanax; AR 18 – Zoloft], but that she was non-compliant with treatment [AR 17, 19] and missed appointments [AR 17]. The Administrative Law Judge also noted the conservative character of the treatment, a factor which does bear on a claimant's credibility as to the extent of the impairment. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see also Tommasetti v. Astrue,* 553 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

In all of these ways, the Administrative Law Judge gave reasons, that were clear and convincing, for why he did not accept Plaintiff's testimony that she was unable to work. The Administrative Law Judge thus acted appropriately.

Plaintiff also asserts that the Administrative Law Judge wrongly concluded that Plaintiff could perform the jobs of cleaner/housekeeping, electronics worker and shoe packager. [AR 25] In this Court, Defendant concedes that the Administrative Law Judge incorrectly included the job of shoe packager as one that a person with Plaintiff's residual functional capacity could perform. However, as to the other two, the vocational expert's testimony was a sufficient evidentiary basis for the Administrative Law Judge's conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). To the extent that Plaintiff believes that her testimony conflicted, the Administrative Law Judge was responsible for resolving conflicts in the testimony.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: August 22, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE